1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
hgrunvald@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendant,
SAVE MART SUPERMARKETS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

MARCUS WILLIAMS, on behalf of himself and all others similarly situated,

                    Plaintiff,

          vs.

SAVE MART SUPERMARKETS,

                    Defendant.

Case No.   20-cv-1300

**DEFENDANT SAVE MART SUPERMARKETS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Alameda County Superior Court
Case Number RG19025489

Action Filed:     July 2, 2019
Trial Date:       None Set

SMRH:4
814-
1261-
9443.1
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

Defendant Save Mart Supermarkets ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Marcus Williams' ("Plaintiff") Complaint, admits, denies, and alleges as follows:

1.      In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.      In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation.

## STATUTORY BACKGROUND

*California Statutes*

3.      In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.      In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation.

11.      In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant admits the allegations.

**PARTIES AND STANDING**

16.     In response to Paragraph 16 of the Complaint, Defendant is without sufficient information to respond to the allegations regarding Plaintiff's domicile and medical condition, and on that basis, denies them.  Defendant denies the remaining  allegations.

17.     In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19.     In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION AND VENUE**

21.     In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**CLASS ACTION ALLEGATIONS**

23.     In response to Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

Case No.
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

24.     In response to Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.     In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

**FOODMAXX SUPERMARKETS OWNED/OPERATED BY DEFENDANT IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

34.     In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41.     In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant  denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

### COUNT I

**(Unruh Civil Rights Act)**

44.     Answering Paragraph 44 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 43 of this answer as set forth above.

45.     In response to Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46.     In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation.

## COUNT II

### (California Disabled Persons Act)

55.     Answering Paragraph 55 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 54 of this answer as set forth above.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant denies each and every allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

## COUNT III

### (Cal. Civ. Code § 55)

65.     Answering Paragraph 65 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 64 of this answer as set forth above.

66.     In response to Paragraph 66 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation.

## COUNT IV

### (Americans With Disabilities Act)

71.     **(Inadvertently Misnumbered Paragraph 41)** In response to Paragraph 71 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 70 of this answer as set forth above.

Case No.

72.    **(Inadvertently Misnumbered Paragraph 42)** In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

73.    **(Inadvertently Misnumbered Paragraph 43)** In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74.    **(Inadvertently Misnumbered Paragraph 44)** In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75.    **(Inadvertently Misnumbered Paragraph 45)** In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76.    **(Inadvertently Misnumbered Paragraph 46)** In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.    **(Inadvertently Misnumbered Paragraph 47)** In response to Paragraph 77 of the Complaint, Defendant denies each and every allegation.

78.    **(Inadvertently Misnumbered Paragraph 48)** In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.    **(Inadvertently Misnumbered Paragraph 49)** In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.    **(Inadvertently Misnumbered Paragraph 50)** In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.    **(Inadvertently Misnumbered Paragraph 51)** In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.    **(Inadvertently Misnumbered Paragraph 52)** In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.    **(Inadvertently Misnumbered Paragraph 53)** In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84.     **(Inadvertently Misnumbered Paragraph 54)** In response to Paragraph 84 of the Complaint, Defendant denies each and every allegation.

85.     **(Inadvertently Misnumbered Paragraph 55)** In response to Paragraph 85 of the Complaint, Defendant denies each and every allegation.

86.     **(Inadvertently Misnumbered Paragraph 56)** In response to Paragraph 86 of the Complaint, Defendant denies each and every allegation.

87.     **(Inadvertently Misnumbered Paragraph 57)** In response to Paragraph 87 of the Complaint, Defendant denies each and every allegation.

88.     **(Inadvertently Misnumbered Paragraph 58)** In response to Paragraph 88 of the Complaint, Defendant denies each and every allegation.

89.     **(Inadvertently Misnumbered Paragraph 59)** In response to Paragraph 89 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to each and all of Plaintiff's causes of actions and claims:

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

(Failure to State a Claim)

1.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

(Lack of Standing)

2.     Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To satisfy the "injury in fact" element of standing in a barrier case, a plaintiff must demonstrate that he is likely to return to patronize the accommodation in question.  *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal

Case No.

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

court by simply claiming that he intends to return to the facility.").  Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he alleges barriers not related to his disability, and/or he has never been to and/or does not intend to return to the subject properties.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.    Plaintiff's claims are barred to the extent that they are based on visits to the subject properties more than two years prior to the date the Complaint was filed.

### FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.    The purported architectural barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

### FIFTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Was Not Readily Achievable)

5.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### SIXTH AFFIRMATIVE DEFENSE

(Full Compliance is Structurally Impracticable)

6.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible

to the Maximum Extent Feasible)

7.     Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

**EIGHTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary

Function is Disproportionate to the Cost of the Overall Alteration)

8.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

9.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith Reliance Upon Local Building Authorities)

10.     Plaintiff's Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facilities at issue.

Case No.

SMRH:4814-
1261-9443.1                ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

11.    Plaintiff's claims are barred under the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

(Privilege)

12.    Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Technically Infeasible)

13.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Undue Burden)

14.    Insofar as Defendant has not made alterations to the facilities at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal law, and any requirements to make those changes would impose an undue burden upon Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

15.    Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Failure to Mitigate Damages)

3       17.    Plaintiff failed to properly mitigate his alleged damages and therefore is precluded

4   from recovering those alleged damages.

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

6

(Preemption)

7       18.    Plaintiff's state law claims are preempted by federal law.

8

## NINETEENTH AFFIRMATIVE DEFENSE

9

(Indispensable Party)

10      19.    Plaintiff's alleged claims are barred, in whole or in part, because of his failure to

11  name an indispensable party or parties.

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

(Good Faith Reliance Upon Advice Of Architects)

14      20.    Plaintiff's claims are barred by reason of Defendant's good faith reliance upon the

15  advice of architects with respect to the subject facilities.

16

## TWENTY-FIRST AFFIRMATIVE DEFENSE

17

(Fundamental Alteration)

18      21.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

19  there were any, do not subject Defendant to liability because the relief demanded in the Complaint

20  would, if granted, result in a fundamental alteration of Defendant's services.

21

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22

(Legitimate Business Justifications)

23      22.    The Complaint, and each and every purported claim alleged therein, fails to state

24  facts sufficient to constitute a claim against Defendant because any action taken with respect to

25  Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged

26  disability or other asserted protected status.

27

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Damages)

23.    Defendant is informed and believes and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any such claim against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

24.    Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Mootness)

25.    Plaintiff's claims are barred under the doctrine of mootness.

## TWENTY-SIX AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

26.    Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

27.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

28.    Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities.

1

## PRAYER

2      **WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

3      1.      That the Complaint be dismissed with prejudice and that judgment be entered in

4  favor of Defendant;

5      2.      That Plaintiff take nothing by way of his Complaint;

6      3.      That Defendant be awarded its costs of suit incurred in defense of this action,

7  including its reasonable attorney's fees; and

8      4.      For such further and other relief as the Court may deem just and proper.

9  Dated:  February 21, 2020

10                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                          By      /s/ *Hayley S. Grunvald*
                                    HAYLEY S. GRUNVALD
13

14                              Attorneys for Defendant
                                SAVE MART SUPERMARKETS
15

16                          ## DEMAND FOR JURY TRIAL

17      Defendants hereby demand a trial by jury.

18  Dated:  February 21, 2020

19                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

20

21                          By      /s/ *Hayley S. Grunvald*
22                                  HAYLEY S. GRUNVALD

23                              Attorneys for Defendant
                                SAVE MART SUPERMARKETS
24

25

26

27

28

Case No.

SMRH:4814-
1261-9443.1                ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL